**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IMAD HABEEB HANNA,

              Petitioner,

  v.

MATTHEW G. WHITAKER, Acting
Attorney General,

              Respondent.

No.   16-72480

Agency No. A212-191-367

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2018
Portland, Oregon

Before:  TALLMAN and IKUTA, Circuit Judges, and BOUGH,[**] District Judge.

Imad Habeeb Hanna, a native and citizen of Iraq, petitions for review of the

Immigration Judge's (IJ) and Board of Immigration Appeals' (BIA) denial of his

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

application for asylum and withholding of removal.[1]  We have jurisdiction based on 8 U.S.C. § 1252 and deny the petition.

The agency's adverse credibility determination was supported by substantial evidence because the BIA and IJ identified multiple inconsistences between Hanna's testimony about his service in the Iraqi Republican Guard and the background documentary evidence submitted, 8 U.S.C. § 1158(b)(1)(B)(iii), *Singh v. Lynch*, 802 F.3d 972, 975 (9th Cir. 2015), Hanna had previously lied to immigration officials, *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011), and Hanna failed to offer easily available corroborating evidence, *Sidhu v. I.N.S.*, 220 F.3d 1085, 1092 (9th Cir. 2000), *as amended on denial of reh'g* (Sept. 27, 2000).

Substantial evidence supports the BIA's determination that the evidence in the record indicates that the persecutor bar may apply to Hanna.  8 C.F.R. § 1240.8(d).  Under either the test outlined in *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 925–30 (9th Cir. 2006), or the BIA's test established in *In Matter of D-R-*, 27 I. & N. Dec. 105, 118–21 (BIA 2017), there was sufficient evidence to support a prima facie case that Hanna may have "ordered, incited, assisted, or otherwise participated in the persecution of" religious and ethnic minorities, 8

---

[1] Hanna was granted deferral of removal under the Convention Against Torture because of his status as a Chaldean Christian.

U.S.C. § 1101(a)(42), based on unrebutted documentary evidence that the Republican Guard was an all-volunteer force which had committed acts of persecution during the time of Hanna's service, and Hanna failed to testify credibly about his membership or role in the Republican Guard. The IJ's conclusion that Hanna's lies and evasions about his membership and attempts to minimize his role gave rise to a negative inference regarding his time in the Republican Guard was supported by substantial evidence in the record. Although Hanna had an opportunity to rebut the prima facie case, he failed to introduce witnesses who could substantiate a portion of his claims, and instead relied on his incredible and inconsistent testimony, non-material testimony from his wife, and unclear military records.

**PETITION DENIED.**